1
2
3
4
5
6

**JS-6**
**O**

7
8
9

# United States District Court
# Central District of California

10
11
12

GOLD VALUE INTERNATIONAL
TEXTILE, INC.,

13

                    Plaintiff,
            v.

14

ROSS STORES, INC., et al.,

15

                    Defendants.

16

Case № 2:19-cv-09604-ODW(AFMx)

**ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS AS MOOT [14]**

17

## I.   INTRODUCTION

18         Pending before the Court is Defendants Myth Closing, Inc's ("Myth") and Ross
19   Stores, Inc.'s ("Ross") ("Defendants") Motion to Dismiss for: (1) lack of personal
20   jurisdiction; (2) improper venue; or, alternatively, (3) to transfer this action.  (Mot. o
21   Dismiss ("Mot."), ECF No. 14.)  For the reasons to follow, the Court **TRANSFERS**
22   the matter to the Southern District of New York.

23

## II.   FACTUAL BACKGROUND

24         Plaintiff Gold Value International Textile, Inc., is a California corporation,
25   doing business as "Fiesta Fabric" ("Fiesta").  Fiesta's business operation involves
26   creating and purchasing two-dimensional design art works for use on fabric textiles,
27   and selling these fabric textiles to parties in the fashion industry.  (Opp'n to Mot.
28   ("Opp'n") 5, ECF No. 16; Decl. of Morris Ajnassian ("Ajnassian Decl.") ¶¶ 4–6, ECF

1   No. 16-1.)  Myth is a New York corporation with its principal place of business in

2   New York and provides wholesale garments to retailers.  (Mot. 2.)  Ross is a

3   nationwide retailer of apparel, which is headquartered in California and incorporated

4   in Delaware.  (Compl. ¶ 5, ECF No. 1; Mot. 3.)

5         Fiesta alleges it created an original two-dimensional artwork for the purposes of

6   textile printing (designated as internal Design No. 206-A100293), and secured a

7   United States Copyright Registration for this design (the "Subject Design").

8   (Compl. ¶¶ 10–12.)  Fiesta further alleges that without its authorization, Ross and

9   Myth created, sold, manufactured, and distributed garments comprised of fabric

10  featuring a design that is identical or substantially similar to the Subject Design (the

11  "Product").  (Compl. ¶ 13.)

12        On November 11, 2019, Fiesta filed an action against Ross and Myth asserting

13  claims for: (1) copyright infringement; and (2) vicarious and/or contributory copyright

14  infringement.  (Compl. ¶¶ 15–28.)  Defendants now move to dismiss this action on the

15  grounds that (1) this Court lacks personal jurisdiction, and (2) a proper statutory basis

16  for proper venue.  (*See* Mot.)  Alternatively, Defendants move to transfer this action to

17  the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  (Mot. 1.)

18                        **III.   LEGAL STANDARD**

19  **A.   PERSONAL JURISDICTION**

20        When a defendant moves to dismiss a complaint for lack of personal

21  jurisdiction, the plaintiff bears a burden of demonstrating that the court may properly

22  exercise personal jurisdiction over the defendant.  *Pebble Beach Co. v. Caddy*, 453

23  F.3d 1151, 1154 (9th Cir. 2006).  Where "the motion is based on written materials

24  rather than an evidentiary hearing, "'the plaintiff need only make a prima facie

25  showing of jurisdictional facts.'"  *Schwarzenegger v. Fred Martin Motor Co.*, 374

26  F.3d 797, 800 (9th Cir. 2004) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.

27  1990).  Although "uncontroverted allegations in the complaint must be taken as true,"

28

1   the party asserting jurisdiction cannot "simply rest on the bare allegations of its

2   complaint." *Id.*

3       "When no federal statute governs personal jurisdiction, the district court applies

4   the law of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.

5   2008). "California's long-arm statute is co-extensive with federal standards, so a

6   federal court may exercise personal jurisdiction if doing so comports with federal

7   constitutional due process." *Id.* "There are two forms of personal jurisdiction that a

8   forum state may exercise over a nonresident defendant—general jurisdiction and

9   specific jurisdiction." *Id.* at 1016.

10  **B.    IMPROPER VENUE**

11      A defendant may move to dismiss a complaint for improper venue pursuant to

12  Rule 12(b)(3). Once venue is challenged under Rule 12(b)(3), the plaintiff bears the

13  burden of proving that venue is proper. *Piedmont Label Co. v. Sun Garden Packing*,

14  598 F.2d 491, 496 (9th Cir. 1979). On a motion to dismiss for improper venue, "the

15  allegations in the complaint need not be accepted as true and the Court may consider

16  evidence outside the pleadings." *eBay Inc. v. Dig. Point Sol., Inc.*, 608 F. Supp. 2d

17  1156, 1161 (N.D. Cal. 2009).

18  **C.    TRANSFER**

19      "For the convenience of parties and witnesses, in the interest of justice, a

20  district court may transfer any civil action to any other district or division where it

21  might have been brought." 28 U.S.C. §1404(a). Section 1404(a) "gives a district

22  court broad discretion to transfer a case to another district where venue is also

23  proper." *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D.

24  Cal. 2007); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270,

25  279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle

26  considerations and is best left to the discretion of the trial judge."). "The burden is on

27  the moving party to establish that a transfer would allow a case to proceed more

28

1  conveniently and better serve the interests of justice." *Amini Innovation Corp. v. JS*
2  *Imports, Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007).

3  ### IV.   DISCUSSION

4  **A.   SPECIFIC JURISDICTION**

5       Myth argues that this Court has neither general nor specific jurisdiction over
6  Myth.  (Mot. 6–7.)  Fiesta only disputes Myth's assertion that the Court lacks specific
7  jurisdiction over it.  (*See* Opp'n.)  Accordingly, the Court limits its discussion solely
8  to specific jurisdiction.

9       To establish specific personal jurisdiction, a plaintiff must show that the claim
10  arose out of or relates to defendant's contacts with the forum.  *Bristol-Meyers Squibb*
11  *Co. v. Super. Ct.*, 137 S. Ct. 1773, 1778 (2017).  The Ninth Circuit established the
12  following general test for determining specific jurisdiction: (1) the defendant must
13  either "purposefully direct his activities" toward the forum or "purposefully avail[]
14  himself of the privileges of conducting activities in the forum;" (2) the claim must
15  arise out of or relate to the defendant's forum-related activities; and (3) the exercise of
16  jurisdiction must be reasonable.  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d
17  1064, 1068 (9th Cir. 2017) (citing *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1111
18  (9th Cir. 2002).

19       In copyright infringement cases, the Ninth Circuit has narrowed the test for
20  specific jurisdiction by requiring the plaintiff to show that defendant purposefully
21  directed its activities to the forum and that the claim arose out of or resulted from
22  defendant's forum-related activities.  *Schwarzenegger*, 374 F.3d at 802; *Adobe Sys.*
23  *Inc., v. Blue Source Group, Inc.*, 125 F. Supp. 3d 945, 960 (N.D. Cal. 2005) (quoting
24  *Dole Food Co.*, 303 F.3d at 1111).  Accordingly, only if the plaintiff satisfies its
25  burden, does the burden then shift to defendant to "present a compelling case" that the
26  exercise of jurisdiction is not reasonable.  *Id.*

27       To establish purposeful direction, the plaintiff must show that: (1) the defendant
28  committed an intentional act; (2) the defendant's act was expressly aimed at the forum

1   state; and (3) the defendant knew the harm was likely to be suffered in the forum state.

2   *Axiom Foods, Inc.*  874 F.3d at 1069.

3         Here, Fiesta satisfies the first prong.  First, Fiesta alleges that Myth created,

4   sold, manufactured, and distributed fabric garments featuring Fiesta's copyright-

5   protected design.  (Compl. ¶ 13.)  Second, Myth allegedly failed to secure Fiesta's

6   authorization to use the design. (Compl. ¶ 13.)  Thus, Fiesta's allegations are

7   sufficient to establish that Myth's acts were intentional.

8         Regarding the second prong, Fiesta's only allegation indicating "purposeful

9   direction" is that Myth is doing business in California.  (Compl. ¶ 6).  Fiesta merely

10  alleges that Myth "knew" Ross would sell the alleged garments in California.[1]  (Opp'n

11  6.)  However, the Court finds these allegations insufficient to show "purposeful

12  direction" for the reasons to follow.

13        First, Fiesta's allegation that Myth conducts business in California is a

14  conclusory statement contradicted by evidence submitted by Myth.  (*See generally*

15  Decl. of Arun Kumar ("Kumar Decl."), ECF No. 14-2.)  In examining the "purposeful

16  direction" prong, the Court "may not assume the truth of allegations in a pleading

17  which are contradicted by affidavit."  *Mavrix Photo v. Brand Techns, Inc.*, 647 F.3d

18  1218, 1223 (9th Cir. 2011) (internal quotations marks omitted).  Here, Myth submits a

19  declaration establishing that its business is exclusive to New York, and it does not

20  target, advertise or sell to California.  (Mot. 2–3; Kumar Decl. ¶ 5–8.)  Myth offers its

21  products for sale and conducts all of its exhibitions of samples and solicitation of its

22  product lines only through its New York showroom.  (Kumar Decl. ¶ 5; Mot. 2.)

23  Myth also does not own an office, or telephone number in California, does not have

24  employees or a bank account in California.  (Kumar Decl. ¶ 7.)  Myth is not licensed

25  or registered in California.  (Kumar Decl. ¶ 8.)  Additionally, Myth's customers travel

26

27  [1] For instance, Fiesta argues that because Ross has its headquarters, a buying office, and three
    warehouses in California, Myth necessarily knew that Ross would sell the infringing garments in

28  California and thus, purposefully directed its actions toward California.  (Opp'n 6.)

1    to its New York showroom to view Myth's products and discuss potential sales.

2    (Kumar Decl. ¶ 6.)   Consequently, Myth's evidence is sufficient to refute Fiesta's

3    allegation.  *Lang v. Morris*, 823 F. Supp. 2d 966, 977 (N.D. Cal. 2011) ("To the extent

4    that Plaintiffs do allege Defendant's involvement in markets that would include

5    California . . . those allegations are unsupported and refuted by [defendant].").

6         Fiesta also argues that by entering into its agreement with Ross, Myth

7    purposefully directed its activities toward California, "knowing full well that Ross

8    would also sell Infringing Garments in California."   (Opp'n 6.)   Again, Fiesta's

9    argument is insufficient for the following reasons.

10        The showing required to establish "purposeful direction" demands "something

11   more" than mere foreseeability to justify the assertion of personal jurisdiction.

12   *Schwarzenegger,* 374 F.3d at 805.  "[T]he express aiming requirement . . . is satisfied

13   when the defendant is alleged to have engaged in wrongful conduct targeted at a

14   plaintiff whom the defendant knows to be a resident of the forum state."

15   *CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066, 1077 (9th Cir. 2011).

16   Additionally, in copyright infringement actions mere "knowledge that the plaintiff

17   resides in the forum is insufficient, on its own, to establish express aiming."   *See*

18   *Lang*, 823 F. Supp. 2d at 972; *see Love v. Assoc.'d Newspapers, Ltd.*, 601, 609 (9th

19   Cir. 2010) ("'Where a defendant's aim was local,' the fact that it caused harm to the

20   plaintiff in the forum state, even if the defendant knew that the plaintiff lived in the

21   forum state, is insufficient to satisfy the [purposeful direction] test.")

22        Thus, even viewing the allegations in the light most favorable to Fiesta, Fiesta

23   failed to meet its burden of establishing that Myth's act was expressly aimed at

24   California or that Myth knew the harm was likely to be suffered in the forum state.

25   Consequently, Fiesta failed to establish that Myth purposefully directed its conduct at

26   California, and, therefore, this Court lacks specific jurisdiction over Myth.

27

28

**B.    IMPROPER VENUE AND TRANSFER OF THE ACTION AGAINST MYTH**

In copyright infringement claims, venue is proper "in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  "The Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'"  *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir. 1997), *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

If the Court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought."  28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982).  "[G]enerally it is preferred to transfer the case rather than dismiss it altogether."  *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).  Furthermore, the Court "need not have personal jurisdiction over the defendant(s) to order transfer."  *Id.* (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67(1962)).

Given the Court's lack of personal jurisdiction over Myth, the Central District of California is an improper venue as to Myth.  *See Adobe Sys. Inc.*, 125 F.3d at 959 (explaining that the analysis on a motion to dismiss for improper venue is the same as the analysis on motion to dismiss for lack of personal jurisdiction); *Premier Fabrics, Inc. v. Walters and Mason Retail, Inc.*, 2018 WL 6164766, at * 8 (C.D. Cal. 2018) (concluding that the venue is not proper because the court lacks personal jurisdiction over the defendant).

Accordingly, the Court concludes that the action against Myth should be transferred to the Southern District of New York because Fiesta could have properly brought the case there.  Myth is a New York corporation with its principal place of business in New York.  (Mot. 1.)  Moreover, the majority of the events giving rise to Fiesta's claim occurred in New York.  (Kumar Decl. ¶¶ 5–13.)  Accordingly, venue is

1   proper in the Southern District of New York.  Lastly, as explained below, the transfer

2   will promote the convenience of the parties and witnesses and the interest of justice.

3   **C.      TRANSFER OF THE ACTION AGAINST ROSS**

4           At issue is whether the Court should transfer the entire case pursuant to section

5   1404(a).  Section 1404(a) states: "[f]or the convenience of parties and witnesses, in

6   the interest of justice, a district court may transfer any civil action to any other district

7   or division where it might have been brought or to any district or division to which all

8   parties have consented."   28 U.S.C. § 1404(a).   Accordingly, the Court finds that

9   transfer of the entire action will promote the convenience of the parties and witnesses

10  and is in the interest of justice.

11          The Ninth Circuit has noted that, in making the decision, a court may consider

12  factors such as:

13          (1) the location where the relevant agreements were negotiated and
14          executed, (2) the state that is most familiar with the governing law,
            (3) the plaintiff's choice of forum, (4) the respective parties' contacts
15          with the forum, (5) the contacts relating to the plaintiff's cause of action
16          in the chosen forum, (6) the differences in the costs of litigation in the
            two forums, (7) the availability of compulsory process to compel
17          attendance of unwilling non-party witnesses, and (8) the ease of access to
18          sources of proof.

19  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).  Furthermore,

20  in deciding a motion under section 1404(a), courts should seek to promote judicial

21  economy.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (to allow two

22  cases involving precisely the same issues simultaneously pending in multiple district

23  courts "leads to wastefulness of time, energy, and money that § 1404(a) was designed

24  to prevent.")

25          *1.  Plaintiff's Choice of Forum*

26          Fiesta correctly points out that the plaintiff's choice of forum is typically given

27  considerable weight.   (*See* Opp'n 16.) However, "where the forum lacks any

28  significant contact with the activities alleged in the complaint, [a] plaintiff's choice of

8

1  forum is given considerably less weight, even if the plaintiff is a resident of the

2  forum." *Cohen v. State Farm & Cas. Co.*, No. 09-cv-1051-AWI (DLBx), 2009 WL

3  2500729, at *3 (E.D. Cal. Aug. 14, 2009) (collecting cases).  In other words, "[i]f the

4  operative facts have not occurred within the forum of original selection and that forum

5  has no particular interest in the parties or the subject matter, the plaintiff's choice is

6  entitled only to minimal consideration." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d

7  949, 954 (9th Cir. 1968).

8        Here, as noted above, the majority of the facts giving rise to this case arose in

9  New York.  In New York, Myth marketed garments to retailers, and Ross visited

10  Myth's showroom to purchase the allegedly infringing garments.  (Mot. 2–3.)  By

11  contrast, the principal connection between the Central District of California and the

12  operative facts of this case is a single garment purchase from a Ross store in Los

13  Angeles.   (Ajnassian Decl. ¶ 8.)   Accordingly, California lacks a significant

14  connection to the activities which form the basis of Fiesta's Complaint.  *See Cohen*,

15  2009 WL 2500729, at * 3.  Thus, this factor weighs in favor of transfer.

16        *2. The Remaining Factors*

17        Furthermore, transfer to the Southern District of New York will allow greater

18  access to sources of proof because most of the operative facts occurred in New York.

19  (Compl. ¶ 13).  For instance, Myth's corporate records are located in New York and

20  will likely serve as most of the evidence concerning infringement.  *See Brackett v.*

21  *Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (holding that in

22  copyright infringement cases the "bulk of the relevant evidence usually comes from

23  the accused infringer.")   Additionally, Myth's sales of the infringing garments,

24  including its sales to Ross, are likely held in Myth's office in New York.  (Mot. 3.)

25  Moreover, Ross has a buying office in New York in close proximity to Myth.  (Mot.

26  3.)  Lastly, Ross buyers routinely travel to Myth's office to promote their fashion line

27  and transact business.  (Mot. 3.)

28

1    Likewise, many of the witnesses with knowledge of the creation, distribution

2    and sale of the infringing product, are likely to be located in New York.  (Opp'n 2–3;

3    *see Amini Innovation Corp.*  497 F. Supp. at 1111 ("The convenience of witnesses is

4    often the most important factor in determining whether a transfer pursuant to §1400 is

5    appropriate").)

6    To finish, a transfer will promote judicial efficiency because this Court has

7    already determined that the Central District of California is not a proper venue for

8    Myth.  If the Court does not transfer the entire action, Fiesta will likely pursue

9    litigation in two separate judicial districts, which would waste judicial resources, and

10   place an additional burden on Fiesta.  *See Ferens*, 494 U.S. at 531.

11   Thus, after examining Fiesta's arguments and carefully weighing the relevant

12   factors, the Court finds that a transfer will promote the convenience of the parties and

13   witnesses, and the interest of justice.

14   Therefore, the Court **TRANSFERS** this case to the Southern District of New

15   York.  (ECF No. 14.)

### V.    CONCLUSION

17   For the reasons discussed above, the Court **GRANTS** Defendants' Motion to

18   Transfer Venue.  (ECF No. 14.) The Clerk of the Court shall transfer this case to the

19   United State District Court for the Southern District of New York, Daniel Patrick

20   Moynihan U.S Courthouse, 500 Pearl Street, New York, New York 10007.

**IT IS SO ORDERED.**

April 23, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**